UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MATTHEW J. SPERO,

                      Plaintiff,                    **VERIFIED COMPLAINT**

    -against-                                     Case #

NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY, and

TIMOTHY M. KEATING, individually
and as Administrator of the Estate
of Irene E. Keating, deceased,

                    Defendants.
------------------------------------------------------------X

        Plaintiff, MATTHEW J. SPERO, by his attorney, HARRY H. KUTNER, JR., ESQ., complaining of defendants, respectfully alleges:

## JURISDICTION

1.    That plaintiff, MATTHEW J. SPERO, was and still is a citizen of the United States and a resident of County of Richmond, State of New York.

2.    That at all times hereinafter mentioned and upon information and belief, defendant, NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY (hereinafter referred to as a "NMLIC"), was and still is a non-New York corporation with its principal office for the conduct of business located in the County of Milwaukee, State of Wisconsin.

3. That at all times hereinafter mentioned upon information and belief, defendant, TIMOTHY M. KEATING (hereinafter referred to as "KEATING"), was and still is a resident of Bordentown, County of Burlington, State of New Jersey.

4. That upon information and belief, and on March 2, 2023, defendant, KEATING was appointed Administrator of the Estate of Irene E. Keating and Limited Letters were duly issued thereon.

5. That this court has jurisdiction of these claims under and by virtue of 28 U.S.C. § 1332.

6. That the matter in controversy, exclusive of interest and costs, exceeds ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

## JURY DEMAND

7. That the plaintiff demands a trial by jury of all issues herein.

## FIRST CLAIM FOR RELIEF
(Breach of Contract - against NMLIC)

8. That at all times hereinafter mentioned, a now deceased lady, IRENE E. KEATING (hereinafter "Decedent"), resided in the County of Richmond, State of New York.

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1325 FRANKLIN AVENUE
SUITE 585
GARDEN CITY, N.Y. 11530
(516) 741-1409

9. That Decedent and plaintiff were close friends.

10. That upon information and belief, Decedent owned an IRA investment account with defendant, NMLIC under account #840-184284.

11. That upon information and belief, said account was a "payable on death" account with a designated beneficiary.

12. That upon information and belief, the designated beneficiary was plaintiff.

13. That on January 23, 2023, Decedent died.

14. That thereafter and on or about February 21, 2023, plaintiff made a demand on defendant, NMLIC to pay the proceeds of the account to him.

15. That defendant, NMLIC has refused to pay the proceeds to plaintiff on the ground that a family member of Decedent, namely, the second defendant, KEATING, is contesting the designation of beneficiary to plaintiff.

16. That upon information and belief, the value of the account decreased since plaintiff demanded its payment from defendant, NMLIC.

LARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1823 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516) 741-1400

17. That defendant, NMLIC should be ordered to pay plaintiff the value of the account on February 21, 2023 with 9% interest thereon to the date of payment.

18. That as a result of the foregoing, the plaintiff demands that judgment be entered against defendant, NMLIC, in the amount of the value of the account on February 21, 2023, plus 9% interest thereon to date of payment less the value when liquidated and paid to plaintiff, together with costs and disbursements, and for any such other and further relief which is just, equitable, and proper.

## SECOND CLAIM FOR RELIEF
(Tortious interference with contract - against KEATING)

19. That plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "18" as though more fully set forth herein at length.

20. That upon information and belief, defendant, KEATING has made repeated false claims to defendant, NMLIC, that plaintiff victimized and abused Decedent, taking advantage of her dementia and psychosis, in order to get her to change her beneficiary to him.

21. That said actions by defendant, KEATING has caused defendant, NMLIC to refuse to pay the IRA's proceeds to plaintiff.

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1325 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516)741-1400

22. That in doing so, defendant, KEATING has tortiously interfered with plaintiff's contractual rights as the beneficiary of said IRA account.

23. That as a result of the foregoing, plaintiff demands that judgment be entered against defendant, KEATING, in the amount of the value of the account on February 21, 2023, plus 9% interest, less the value when liquidated and paid to plaintiff, and for punitive damages in an amount of double the value of the account, together with costs and disbursements, and for any such other and further relief which is just, equitable, and proper.

### THIRD CLAIM FOR RELIEF
(Defamation - against KEATING)

24. That plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "23" as though more fully set forth herein at length.

25. That defendant, KEATING has made the aforesaid false claims to various numerous and sundry people.

26. That the people to whom defendant, KEATING made the false claims were the members of staff of the Surrogate's Court of the State

LARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1829 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516) 741-1400

of New York, County of Richmond, and the friends, neighbors, and family of the Decedent, and the employees of the co-defendant, NMLIC.

27. That defendant, KEATING's false statements were intentionally made to collect the proceeds of the NMLIC account for himself and/or the Estate.

28. That said conduct by defendant, KEATING was defamatory.

29. That as a result of the foregoing, plaintiff demands that judgment be entered for punitive damages against defendant, KEATING in the same amount of money as is the value of the NMLIC account, since that was defendant's intent and goal.

30. That as a result of the foregoing, plaintiff demands that judgment be entered against defendant, KEATING in the amount of the value of the account on February 21, 2023, plus 9% interest, less the value when liquidated and paid to plaintiff, and for punitive damages in the amount of the value of the account, together with costs and disbursements, and any such other and further relief which is just, equitable, and proper.

LARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1325 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516) 741-1400

## FOURTH CLAIM FOR RELIEF
(Extortion - against KEATING)

31.  That plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "30" as though more fully set forth herein at length.

32.  That defendant, KEATING made the false allegations against plaintiff to pressure, frighten and coerce plaintiff into paying him some of the account lawfully plaintiff's property.

33.  That defendant, KEATING did so by immediately approaching intermediaries as well as plaintiff and plaintiff's attorney and demanding a split of the proceeds to drop his false claims.

34.  That as a result of the foregoing, plaintiff demands that judgment be entered against defendant, KEATING, in the amount of the value of the account on February 21, 2023, plus 9% interest, less the value when liquidated and paid to plaintiff, and for punitive damages in the amount of the value of the account, together with costs and disbursements, and any such other and further relief which is just, equitable, and proper.

WHEREFORE, plaintiff demands that judgment be entered against defendants as follows:

A. on the First Claim for Relief against defendant, NMLIC, in the amount of the value of the account on February 21, 2023, plus 9% interest thereon to date of payment less the value when liquidated and paid to plaintiff; and

B. on the Second, Third and/or Fourth Claims against defendant, KEATING, in the amount of the value of the account on February 21, 2023, plus 9% interest thereon to the date of payment less the value when liquidated and paid to plaintiff, and for punitive damages in an amount of the value of the account; and

C. plus costs and disbursements; and

D. for any such other and further relief which is just, equitable, and proper.

Dated: Garden City, New York
April 19, 2023

HARRY H. KUTNER, JR. (K-9497)
Attorney for plaintiff,
1325 Franklin Avenue, Suite 225
Garden City, New York 11530
(B) 516-741-1400
(E) hhkutnerlaw@gmail.com

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1325 Franklin Avenue
Suite 225
Garden City, N.Y. 11530
(516) 741-1400